NORMAN W. COCKRELL, ADMINISTRATOR OF THE ESTATE OF MARY LYNN COCKRELL v. CROMARTIE TRANSPORT COMPANY AND JOHNNY HAROLD CAVANAUGH

No. 7612SC600

(Filed 5 January 1977)

Automobiles § 89— defendant found not negligent — failure to submit last clear chance

Since the doctrine of last clear chance does not apply unless both parties are found to be negligent, the jury's verdict finding that defendant was not negligent rendered moot the question of whether the court erred in failing to submit to the jury the issue of last clear chance.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 27 February 1976 in Superior Court, CUMBERLAND County. Heard in Court of Appeals 8 December 1976.

This is a civil action wherein the plaintiff, Norman W. Cockrell, seeks to recover damages for the wrongful death of his daughter, Mary Lynn Cockrell, allegedly resulting from a car-truck collision caused by the negligence of defendant Johnny Harold Cavanaugh who was driving a truck owned by defendant Cromartie Transport Co. Defendants counterclaimed seeking to recover for personal injuries to Cavanaugh and property damage to the truck owned by Cromartie Transport Co. allegedly resulting from the negligence of plaintiff's intestate in the operation of the automobile. After both parties offered evidence, the following issues were submitted to the jury and answered as indicated:

"1. Was Mary Lynn Cockrell killed as a result of the negligence of the Defendant, Johnny Harold Cavanaugh?

ANSWER: No

2. Did Mary Lynn Cockrell by her own negligence contribute to her death?

ANSWER: Yes

3. What amount of damages, if any, is Norman W. Cockrell, Administrator of the Estate of Mary Lynn Cockrell, deceased, entitled to recover by reason of the death of Mary Lynn Cockrell?

ANSWER: _____

4. Was the Defendant, Johnny Harold Cavanaugh, injured as a result of the negligence of Mary Lynn Cockrell?

ANSWER: Yes

5. If so, what amount of damages is the Defendant, Johnny Harold Cavanaugh, entitled to recover for personal injuries sustained by him?

ANSWER: $5,000.00

6. Was the property of the Defendant, Cromartie Transport Company, damaged as a result of the negligence of Mary Lynn Cockrell?

ANSWER: Yes

7. If so, what amount of damages is the Defendant, Cromartie Transport Company, entitled to recover for property damage?

ANSWER: $10,000.00"

From a judgment entered on the verdict, plaintiff appealed.

*Downing, David, Vallery & Maxwell by C. Douglas Maxwell, Jr., for plaintiff appellant.*

*McCrae, McCrae & Perry by James C. McCrae for defendant appellees.*

HEDRICK, Judge.

Plaintiff has brought forward and argued only two assignments of error. The first relates to the court's refusal to allow one of plaintiff's witnesses to give his opinion as to the speed of defendant's truck immediately before the collision. With respect to this assignment of error, plaintiff in his brief states the following:

"The Plaintiff is painfully aware of the fact that the record does not contain the witness' opinion, had he been allowed to give it. Therefore, the failure to admit the opinion cannot be considered prejudicial to the Plaintiff."

By his other assignment of error plaintiff contends the court erred in failing to submit to the jury the issue of last clear chance. The doctrine of last clear chance does not apply unless both parties are found to be negligent. Therefore the

jury's verdict finding Cavanaugh not to be negligent renders moot the question of whether the court erred in not submitting to the jury the issue of last clear chance.

No error.

Judges PARKER and CLARK concur.